■ ANNA MULCAHY, Appellant, v JOHN J. MULCAHY, Respondent. [681 NYS2d 66] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Benson, J.H.O.), entered November 6, 1997, which, *inter alia,* directed that the defendant be reimbursed for the payment of certain expenses, loans, and credit card debts from the net proceeds of the sale of the parties' properties, failed to equitably distribute the defendant husband's pension, failed to award her health insurance and life insurance benefits, and awarded her maintenance of only $482.89 biweekly.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting those provisions of the third decretal paragraph which directed that the defendant be reimbursed for the payment of certain expenses, loans, and credit card debts from the net proceeds of the sale of the parties' properties, (2) deleting the fifth decretal paragraph, which awarded the plaintiff maintenance of $482.89 biweekly, and (3) adding thereto a provision directing a hearing on the plaintiff's ap-

plication for the maintenance of insurance pursuant to Domestic Relations Law § 236 (B) (8) and for a share of the defendant's pension pursuant to Domestic Relations Law § 236 (B) (5); as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Orange County, for further proceedings and a new determination in accordance herewith; and it is further,

Ordered that pending the new determination, the defendant shall pay maintenance to the plaintiff in the amount of $482.89 biweekly.

The parties were married for over 30 years, and the defendant's pension constitutes marital property subject to equitable distribution (*see, Majauskas v Majauskas,* 61 NY2d 481). As the Supreme Court failed to address the issue of the defendant's pension or to provide for its disposition in the judgment, the matter is remitted to the Supreme Court for that purpose (*see, Coccetti v Coccetti,* 236 AD2d 506; Domestic Relations Law § 236 [B] [5]).

The matter must also be remitted for a new determination with respect to maintenance. The plaintiff testified that she earned less than $300 a week delivering newspapers and cleaning houses. The defendant worked for the Manhattan and Bronx Surface Operating Authority and earned approximately $57,000 in 1996. We note that, although a pendente lite order issued in 1996 required the defendant to pay carrying charges of approximately $1,665 a month on the parties' properties, the judgment did not require the defendant to continue paying those charges pending the sale of the properties. Considering the plaintiff's age, education, and limited employment prospects (*see,* Domestic Relations Law § 236 [B] [6]), we conclude that the maintenance award was insufficient to provide for her reasonable needs pending the sale of the properties. On remittitur, the Supreme Court shall also address the plaintiff's application pursuant to Domestic Relations Law § 236 (B) (8) to require the defendant to maintain health insurance and life insurance for her benefit.

The judgment permitted the defendant to obtain reimbursement from the net proceeds of the sale of the parties' properties for tax and installment payments he made and for certain personal loans and credit card debts. We agree with the plaintiff that the Supreme Court failed to make the necessary findings as to the amount of the defendant's indebtedness which was incurred to meet personal, rather than marital obligations, and the amount of payments made in lieu of maintenance, for which he may not obtain reimbursement. The matter is remitted for a new determination on that issue as well.

The plaintiff's request for attorney's fees in connection with this appeal should be addressed to the Supreme Court in the first instance (*see, Aborn v Aborn,* 196 AD2d 561).

The appellant's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.