■ LOUISE HEWITT, Respondent, v JOHN HEWITT, Appellant. [698 NYS2d 538] —In an action for a divorce and ancillary relief, the defendant appeals (1) from the findings of fact and conclusions of law of the Supreme Court, Richmond County (Harkavy, J.), dated September 25, 1998, (2), as limited by his brief, from stated portions of a judgment of the same court, dated September 25, 1998, which, *inter alia*, awarded the plaintiff a $55,000 property credit and denied his application for attorneys fees, and (3) from a Qualified Domestic Relations Order of the same court, dated September 25, 1998, which, *inter alia*, awarded the plaintiff 50% of the husband's retirement benefits accrued during the marriage.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as the findings of fact and conclusions of law are not separately appealable (*see, Booska v Booska,* 246 AD2d 567; *Matter of County of Westchester v O'Neill,* 191 AD2d 556); and it is further,

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from the Qualified Domestic Relations Order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the Qualified Domestic Relations Order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court incorrectly found that the agreement dated September 22, 1984, relating to the receipt of $55,000 from the plaintiff's parents to use for purchase of the marital residence, was a valid "opting out" agreement pursuant to Domestic Relations Law § 236 (B) (3) (*see, Matisoff v Dobi,* 90 NY2d 127). Nevertheless, the agreement negated any intent by the plaintiff's parents to make a gift of $55,000 to the couple (*see, Foppiano v Foppiano,* 166 AD2d 550) and the defendant failed to demonstrate that the funds were transmuted or commingled so as to destroy their character as the wife's separate property (*see, Feldman v Feldman,* 194 AD2d 207).

Based upon the evidence before it, the court properly determined that the husband's retirement benefits attributable to employment during the marriage constituted marital property subject to equitable distribution (*see, Majauskas v Majauskas,* 61 NY2d 481; *McGrath v McGrath,* 261 AD2d 369).

In considering the equities and circumstances of this particular case, and the relative merits of the parties' positions and their respective financial positions, the court properly denied an award of attorney's fees to the husband (*see, Tayar v Tayar*, 250 AD2d 757). Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.