■ MICHAEL D. PREISNER, Respondent, v BRENDA PREISNER, Appellant. [850 NYS2d 492]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Scarpino, J.), dated October 2, 2006, which, upon a decision of the same court entered January 24, 2006, made after a nonjury trial, inter alia, directed her to reimburse the plaintiff the sum of $40,401, one half of the outstanding credit card debt.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof directing the defendant to reimburse the plaintiff in the sum of $40,401, one half of the outstanding credit card debt, and substituting therefor a provision directing the defendant to reimburse the plaintiff the sum of $20,000 toward that credit card debt; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1975 and have two children, born in 1981 and 1985, respectively. During most of the marriage, the plaintiff worked as a prop master in the film industry to support the family and the defendant stayed at home with the children. The defendant eventually began working part-time as a substitute teacher and, upon the parties' separation, became a full-time teacher.

The parties separated in September 1999 and the plaintiff commenced this action in October 2004. At trial, the plaintiff, inter alia, sought reimbursement from the defendant for one half of the outstanding credit card debt totaling $80,803.00, which he testified he incurred from September 1999 through

2005 for expenses for the marital home and the parties' children. Although the Supreme Court noted that certain expenses were subject to disallowance, it directed the defendant to pay one half of the outstanding credit card debt.

The court improvidently exercised its discretion in directing the defendant to pay one half of the full outstanding credit card debt, as it failed to make the necessary findings as to the amount of the debt which was incurred to meet the plaintiff's personal, rather than marital obligations (*see Mulcahy v Mulcahy*, 255 AD2d 565, 566 [1998]). Moreover, a portion of that debt consisted of payments made by the plaintiff on behalf of one of the parties' children after she reached the age of 21 without the prior agreement of the defendant (*see Gibbons v Gibbons*, 31 AD3d 605 [2006]). Under the circumstances of this case, we find it appropriate to reduce the amount of the defendant's liability as to the outstanding credit card debt to $20,000.

The defendant's remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.