JOSEFA TRINIDAD RODRIGUEZ, Respondent, v ALVARO RODRIGUEZ, Appellant. [894 NYS2d 147]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Panepinto, J.), dated September 26, 2008, which, upon a decision of the same court dated January 7, 2008, made after a nonjury trial, inter alia, awarded the plaintiff the sum of $4,000 per month in maintenance until the earlier of the death of either party or the plaintiff's remarriage, 30% of the defendant's enhanced earnings derived from his medical license, and 25% of the defendant's medical practice, declined to reduce the plaintiff's maintenance award by any sums she may receive from Social Security, determined that only he was responsible for the mortgage debt on the parties' apartment in Seville, Spain, directed that he shall be 100% responsible for the MBNA Platinum Plus credit card debt, that $75,000 of the parties' outstanding home equity loan must be paid from his share of the proceeds of the sale of the marital residence, and that, among other things, he shall obtain an updated appraisal of the parties' duplex condominium in Bogota, Colombia, and awarded him only 25% of the wife's Banco Popular savings account.

Ordered that judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the fifth decretal paragraph thereof awarding the plaintiff the sum of $4,000 per month in nondurational maintenance, (2) by deleting the thirteenth decretal paragraph thereof awarding the plaintiff 30% of the defendant's enhanced earnings derived from his medical license and 25% of the defendant's medical practice, and (3) by deleting the portion of the fourteenth decretal paragraph thereof directing that the defendant shall be 100% responsible for the MBNA Platinum Plus credit card debt, and substituting therefor a provision that the defendant and the plaintiff shall each be 50% responsible for the MBNA Platinum Plus credit card debt; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that in the interim, the defendant is to continue to pay the plaintiff maintenance in the sum of $4,000 per month, with any overpayment to be credited against future payments after entry of the amended judgment.

The Supreme Court's determination that the plaintiff is entitled to an interest in the defendant's enhanced earning ability was based upon her testimony that she cared for the parties' children, provided some economic support, and, to an extent, sacrificed her education while the defendant pursued his medical license (*see Vora v Vora*, 268 AD2d 470, 471 [2000]; *Vainchenker v Vainchenker*, 242 AD2d 620, 621 [1997]). However, the Supreme Court erred in failing to apply an appropriate "coverture fraction" to the enhanced earning valuation to account for the portion of the husband's medical education and training completed before the marriage (*Grunfeld v Grunfeld*, 94 NY2d 696, 701 [2000]; *see Jayaram v Jayaram*, 62 AD3d 951, 953 [2009]; *Vora v Vora*, 268 AD2d at 471; *Vainchenker v Vainchenker*, 242 AD2d at 621). The defendant received a medical degree in Spain from a combined undergraduate/graduate medical school program, and there is no evidence, contrary to the Supreme Court's finding, that the specific course of study he undertook prior to the marriage would only have resulted in the equivalent of an undergraduate degree in the United States. Rather, we find that the defendant completed one half of his medical training prior to the marriage, and remit the matter to the Supreme Court, Richmond County, for a recalculation of the amount to be awarded to the plaintiff as her share of the defendant's enhanced earnings, consistent with this finding.

Moreover, we agree with the defendant that the Supreme Court impermissibly engaged in the "double counting" of income in valuing his medical practice, which was equitably distributed as marital property, and in awarding maintenance to the plaintiff (*Grunfeld v Grunfeld*, 94 NY2d at 702; *Murphy v Murphy*, 6 AD3d 678, 679 [2004]). The valuation of the defendant's business involved calculating the defendant's projected future excess earnings. Thus, in valuing and distributing the value of the defendant's business, the Supreme Court converted a certain amount of the defendant's projected future income stream into an asset. However, the Supreme Court also calculated the amount of maintenance to which the plaintiff was entitled based on the defendant's total income, which necessarily included the excess earnings produced by his business. This was error. Since the Supreme Court has discretion in the manner in which it is to avoid such double counting of income (*see Grunfeld v Grunfeld*, 94 NY2d at 705-706), we remit the matter to the Supreme Court, Richmond County, to recalculate the maintenance and cash distributive awards.

To the extent that the defendant challenges the duration of the maintenance award, the duration of maintenance is a mat-

ter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (*see Sperling v Sperling*, 165 AD2d 338 [1991]). Considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the age and health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the fact that the plaintiff was the primary homemaker and caregiver for the parties' children during their lengthy marriage (*see* Domestic Relations Law § 236 [B] [6]; *Friedman v Friedman*, 309 AD2d 830, 831 [2003]; *Liadis v Liadis*, 207 AD2d 331, 331-332 [1994]; *Loeb v Loeb*, 186 AD2d 174, 175 [1992]; *Sperling v Sperling*, 165 AD2d at 342), the Supreme Court providently exercised its discretion in awarding the 69-year-old plaintiff nondurational maintenance. Moreover, the Supreme Court properly declined to consider the plaintiff's eligibility for Social Security when setting the maintenance award, as the defendant failed to bring proof of her eligibility, or relevant laws pertaining to her eligibility, to the court's attention (*cf.* CPLR 4511 [b]; *Shepardson v Town of Schodack*, 83 NY2d 894 [1994]).

The Supreme Court erred in determining that the plaintiff was not responsible for a portion of the debt incurred for the repayment of certain tax assessments on the family business, Lembron Gourmet, Ltd., during the marriage. "It is well settled that expenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties" (*Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]; *see Levine v Levine*, 24 AD3d 625, 625-626 [2005]). As the record demonstrates that the defendant was only repaid a maximum of $85,000 of the $135,000 he provided for the tax assessments, the plaintiff is responsible for one half of the remainder of the $50,000 in debt (*see Liepman v Liepman*, 279 AD2d 686, 689 [2001]). As the defendant's MBNA Platinum Plus credit card debt amounts to approximately $50,000, the Supreme Court should have apportioned 50% of this credit card debt to each party.

While the parties agreed to the appraisal of their duplex condominium in Bogota, Colombia in 2004, the Supreme Court recognized that the value of that property could easily have increased since that date, and reached an appropriate solution by directing, inter alia, that the property be reappraised. However, since the defendant is correct in his contention that the parties should be given an opportunity to review the new appraisal and examine the appraiser, in the event that a new

appraisal is obtained, we remit the matter of the valuation of that property to the Supreme Court, Richmond County, for a new hearing and determination (*see Samuelsen v Samuelsen,* 124 AD2d 650, 652 [1986]).

The husband's remaining contentions are without merit. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.