■ Natsuko Duffy, Respondent, v Thomas Duffy, Appellant. [924 NYS2d 449]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.H.O.), entered February 3, 2010, as, upon a decision of the same court dated June 18, 2009, made after a nonjury trial, (1) awarded the plaintiff child support in the sum of $38,000 per year until the parties' oldest child attains the age of 18, graduates from high school, or ceases to play competitive hockey, whichever is earliest, at which time the child support award shall be reduced to $36,500 per year until the parties' youngest child attains the age of 18, graduates from high school, or ceases to play competitive hockey, whichever is earliest, (2) awarded the plaintiff maintenance in the sum of $400 per week for a period of five years, (3) directed the payment of the proceeds of a bank account in the sum of $4,375 to the plaintiff as part of the equitable distribution of marital property, and (4) awarded the plaintiff the sum of $35,000 as an attorney's fee.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"A court need not rely upon a party's own account of his fi-

nances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Steinberg v Steinberg*, 59 AD3d 702, 705 [2009]). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (*Wesche v Wesche*, 77 AD3d 921, 923 [2010]). "Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (*id.*, citing *Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant based on, among other things, his Internal Revenue Service form W-2 earnings statement.

"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts" (*Monroe v Monroe*, 71 AD3d 647, 648 [2010] [internal quotation marks omitted]). Considering the relevant factors, including the income of the parties, the length of the marriage, the present and future earning capacity of the parties, and the ability of the party seeking maintenance to become self-supporting, the Supreme Court providently exercised its discretion in awarding the plaintiff weekly maintenance in the sum of $400 for a period of five years (*see* Domestic Relations Law § 236 [B] [6] [a]; *Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Steinberg v Steinberg*, 59 AD3d at 705).

"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009] [internal quotation marks omitted]; *see* Domestic Relations Law § 236 [B] [5] [e]). "Equitable distribution does not necessarily mean equal distribution" (*Michaelessi v Michaelessi*, 59 AD3d at 689; *see McLoughlin v McLoughlin*, 74 AD3d 911, 914 [2010]). Here, the parties were married for more than 14 years, during which time the plaintiff contributed directly and indirectly to the marriage as a spouse and mother (*see Fields v Fields*, 15 NY3d 158, 162 [2010]; *Hartog v Hartog*, 85 NY2d 36, 47 [1995]). Therefore, the Supreme Court providently exercised its discretion in awarding the plaintiff $4,375 from the parties' bank account as part of the equitable distribution of marital property (*see* Domestic Relations Law § 236 [B] [5] [e]).

"The determination of what constitutes reasonable counsel fees is within the court's discretion" (*Kaplan v Kaplan*, 51 AD3d 635, 637 [2008], citing *DeCabrera v Cabrera-Rosete*, 70 NY2d

879, 881 [1987]). "In its determination of an attorney's fee application, the trial court must consider the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation" (*Baron v Baron*, 71 AD3d 807, 810 [2010]). Here, the Supreme Court properly considered the relevant circumstances, and its determination to award the mother an attorney's fee should not be disturbed.

The defendant's remaining contentions are waived (*see Matter of Jaleel H.*, 36 AD3d 808, 809 [2007]), abandoned (*see Praeger v Praeger*, 162 AD2d 671, 672 [1990]), or without merit. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.