■ DEBRA ALLEVA, Respondent-Appellant, v ROBERT ALLEVA, Appellant-Respondent. [977 NYS2d 267]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (LaSalle, J.), dated December 14, 2011, as, upon a decision of the same court dated August 1, 2011, made after a nonjury trial, awarded her maintenance in the sum of only $750 per week, failed to require the defendant to maintain health insurance for her, failed to require the defendant to maintain a policy of life insurance to secure his maintenance obligations, failed to require the defendant to elect a pre-retirement death benefit and/or joint survivor option with respect to certain pension plans, allocated certain marital credit card debt equally between the parties, allocated the marital assets equally between the parties, awarded her an attorney's fee in the sum of only $10,000 and directed the payment of that fee within 18 months after the date of service of the decision, and failed to direct the release to her of certain monies from an escrow account held by the defendant's former attorney, and the defendant cross-appeals, as limited by his brief, from so much of the same judgment as awarded the plaintiff maintenance for a period of 15 years.

Ordered that the judgment is modified, on the facts and in

the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff maintenance for a period of 15 years, and substituting therefor a provision awarding the plaintiff maintenance until she is eligible for full Social Security benefits or remarries, and (2) by adding a provision thereto directing the defendant to maintain a life insurance policy for the benefit of the plaintiff until payment of maintenance is completed in an amount sufficient to secure the maintenance obligation; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for a determination as to the distribution of the funds in the escrow account held by the defendant's former attorney, and for the entry of an appropriate amended judgment thereafter.

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see Morales v Inzerra*, 98 AD3d 484 [2012]; *Farag v Farag*, 4 AD3d 502 [2004]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see Farag v Farag*, 4 AD3d at 503; *Wilson v Wilson*, 308 AD2d 583 [2003]). Contrary to the plaintiff's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in awarding her maintenance in the sum of $750 per week. However, as the defendant correctly contends, the Supreme Court should have awarded the plaintiff maintenance only until she becomes eligible for full Social Security retirement benefits or remarries (*see Penna v Penna*, 29 AD3d 970, 972 [2006]; *see also Lorenz v Lorenz*, 63 AD3d 1361, 1363-1364 [2009]; *Taylor v Taylor*, 300 AD2d 298 [2002]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in declining to direct the defendant to maintain health insurance for the plaintiff (*see* Domestic Relations Law § 236 [B] [8] [a]).

As the plaintiff correctly contends, it is appropriate in this case to require the defendant to maintain life insurance on her behalf to secure his maintenance obligation (*see id.*; *Hartog v Hartog*, 85 NY2d 36, 50 [1995]; *Miceli v Miceli*, 78 AD3d 1023, 1026 [2010]; *Baron v Baron*, 71 AD3d 807, 810 [2010]).

Contrary to the plaintiff's contention, since the record contains no specific evidence regarding pre-retirement death benefits available under the defendant's pension plans or any option for joint and survivor benefits, the Supreme Court providently exercised its discretion in declining to award her a share of any pre-retirement or joint and survivor pension benefits (*see Leichtner v Leichtner*, 18 AD3d 446, 447 [2005]; *LeVigne v LeVigne*, 220 AD2d 561, 562 [1995]).

The Supreme Court providently exercised its discretion in equally allocating responsibility for marital debt, including certain credit card debt incurred during the pendency of this action. In general, financial obligations incurred during the marriage which are not solely the responsibility of one party should be shared equally by the parties (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 421 [2009]; *Bogdan v Bogdan*, 260 AD3d 521, 522 [1999]). Here, the plaintiff argues that the defendant should be solely responsible for certain credit card debt that the plaintiff incurred during the pendency of this action for, inter alia, the support of herself and the parties' two emancipated children. However, the plaintiff does not assert that the defendant failed to comply with a pendente lite order directing him to pay maintenance and expenses of the children. Under these circumstances, the plaintiff failed to show that the debt should be borne solely by the defendant (*see Mosso v Mosso*, 84 AD3d 757, 760 [2011]; *see also Caracciolo v Chodkowski*, 90 AD3d 801, 803 [2011]).

The plaintiff contends that the Supreme Court erred in ordering the net proceeds of the sale of the marital home to be divided equally in light of the allegedly wasteful dissipation of assets by the defendant, who allegedly failed to maintain the marital home during the pendency of this action. However, the record does not show that the defendant was responsible for a diminution in the value of the marital home. Thus, there is no basis for disturbing the equitable distribution award in this regard (*see Scher v Scher*, 91 AD3d 842, 844 [2012]; *Graves v Graves*, 307 AD2d 1022, 1023 [2003]).

In a matrimonial action, an award of an attorney's fee should be based, inter alia, on the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]; *Gallousis v Gallousis*, 303 AD2d 363, 364 [2003]; *Krutyansky v Krutyansky*, 289 AD2d 299, 300 [2001]). Contrary to the plaintiff's contention, under the circumstances of this case, the

Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $10,000 as an attorney's fee, payable within 18 months after the date of service of the decision (*see Armstrong v Armstrong*, 72 AD3d 1409, 1416 [2010]; *Griggs v Griggs*, 44 AD3d 710, 714 [2007]).

The plaintiff correctly asserts that the Supreme Court failed to direct the distribution of certain monies held in an escrow account held by the defendant's former attorney. As the record is not sufficient for this Court to make a determination as to the proper disposition of those funds, the matter must be remitted to the Supreme Court, Suffolk County, for a determination in this regard and the entry of an appropriate amended judgment thereafter. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.