■ Jamie DiPalma, Respondent-Appellant, v Mark DiPalma, Appellant-Respondent. [977 NYS2d 276]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Richmond County (De Lizzo, Ct. Atty. Ref.), dated November 1, 2011, as, after a nonjury trial, granted the plaintiff's application for an award of nondurational maintenance and a separate property credit in the sum of $65,000 from the proceeds of the sale of the marital home, and (2) so much of a judgment of the same court dated August 15, 2012, as, upon the order, directed the defendant to pay the plaintiff nondurational maintenance in the sum of $1,500 per month, retroactive to the date of commencement of the action, and awarded the plaintiff a separate property credit in the sum of $65,000 from the proceeds of the sale of the marital home, and the plaintiff cross-appeals from the order dated November 1, 2011.

Ordered that the appeal and the cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof awarding the plaintiff a separate property credit in the sum of $65,000 from the proceeds of the sale of the marital home; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the order is modified accordingly.

The appeal and the cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]). In addition, the cross appeal must be dismissed as abandoned since the plaintiff did not raise any argument in her brief with respect to her cross appeal (*see Signorile v Signorile*, 102 AD3d 949, 950 [2013]; *Delijani v Delijani*, 100 AD3d 951, 952 [2012]).

The Supreme Court providently exercised its discretion in awarding the plaintiff nondurational maintenance in the sum of $1,500 per month. "[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see Kaufman v Kaufman*, 102 AD3d 925, 925 [2013]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]). Where a party's account of his or her finances is not believable, the court may impute a true or potential income higher than that alleged (*see Wesche v Wesche*, 77 AD3d 921, 923 [2010]).

Following an extended trial, the Supreme Court, finding that the defendant was not credible in his testimony with respect to his net worth, imputed an annual income of $84,000 to the defendant based on evidence indicating that, among other things, the defendant received income from rental property. Based on the record before us, there is no basis to disturb the Supreme Court's credibility assessment, which is entitled to great weight on appeal given the trial court's opportunity to view the demeanor of the witnesses (*see Levine v Levine*, 37 AD3d 550, 551-552 [2007]; *Lieberman v Lieberman*, 21 AD3d 1004, 1005

[2005]). While the defendant argues that the Supreme Court failed to take into account, inter alia, the operating expenses of the rental property, he did not provide any evidentiary proof to the court as to these expenses. Rather, the defendant was continually evasive regarding his income and assets. Under these circumstances, the court providently exercised its discretion in imputing income to the defendant in the sum of $84,000.

Furthermore, in considering the relevant factors for determining maintenance, including the length of the marriage, the plaintiff's limited employment history, her medical expenses, and the likelihood that she will not be self-supporting in the future due to her disabilities, the court providently exercised its discretion in awarding the plaintiff nondurational maintenance (*see Marino v Marino*, 52 AD3d 585, 585 [2008]; *Polizzano v Polizzano*, 2 AD3d 615 [2003]). Under the circumstances of this case, we reject the defendant's contention that the plaintiff's maintenance should terminate once she reaches the age of eligibility for Social Security retirement benefits (*see Rabinovich v Shevchenko*, 93 AD3d 774, 775 [2012]; *Rodriguez v Rodriguez*, 70 AD3d 799, 802 [2010]).

However, in determining the equitable distribution of the proceeds from the foreclosure sale of the marital home, the Supreme Court erred in awarding the plaintiff the sum of $65,000 as reimbursement for allegedly separate property she contributed to pay the down payment on the marital property. Since the plaintiff had previously deposited her separate property into a bank account titled to the defendant and his mother, those funds lost their separate character (*see Golden v Golden*, 98 AD3d 647, 650 [2012]; *Loria v Loria*, 46 AD3d 768, 770 [2007]). Accordingly, we modify the judgment by deleting the provision that awarded the plaintiff a separate property credit from the proceeds of the marital home. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.