In an action for a divorce and ancillary relief, the defendant *925 appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Marx, J.), dated April 16, 2012, as, upon findings of fact and conclusions of law dated April 16, 2012, and a decision dated November 22, 2011, made after a nonjury trial, (a) directed him to pay maintenance to the plaintiff in the sum of $550 per week for a period of three years, (b) directed the sale of the marital residence and the equal division of the net proceeds between the parties after the payment of all marital debt, including credit card debt in the amount of $22,648, and after payment of $7,000 to the plaintiff for her one-half interest in the household furnishings and other items, (c) failed to give him the option of purchasing the plaintiff’s interest in the marital residence, and (d) awarded him a separate property credit of only $180,000 for alleged separate funds he contributed to the construction of the marital residence, and directed that the credit be satisfied by his parents’ repayment to him of a loan made to them by the parties, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as awarded the defendant a separate property credit of $180,000 for funds he contributed to the construction of the marital residence.
Ordered that the judgment is modified, on the facts and in the exercise of discretion, by (1) deleting the provision thereof awarding the defendant a separate property credit in the sum of $180,000 and directing that the credit be satisfied by his parents’ repayment to him of a loan made to them by the parties, and (2) deleting the provision thereof directing the sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and thereafter, the entry of an appropriate amended judgment.
When determining a maintenance obligation, “[w]here a party’s account of his or her finances is not believable, the court may impute a true or potential income higher than that alleged” (DiPalma v DiPalma, 112 AD3d 663, 664 [2013]; see Kessler v Kessler, 111 AD3d 895 [2013]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant based on, inter alla, information he provided in a bankruptcy petition (see Duffy v Duffy, 84 AD3d 1151, 1152 [2011]; Greisman v Greisman, 98 AD3d 1079, 1080 [2012]).
“ ‘[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts’ ” (DiBlasi v DiBlasi, 48 AD3d 403, 404 [2008], quoting Wortman v Wortman, *926 11 AD3d 604, 606 [2004]). In view of the relevant factors, including the income of the parties, the length of the marriage, the present and future earning capacity of the parties, and the ability of the party seeking maintenance to become self-supporting, the Supreme Court providently exercised its discretion in awarding the plaintiff weekly maintenance in the sum of $550 for a period of three years (see Domestic Relations Law § 236 [B] [6] [a]; Duffy v Duffy, 84 AD3d at 1152; Groesbeck v Groesbeck, 51 AD3d 722, 723 [2008]; Schwalb v Schwalb, 50 AD3d 1206, 1210 [2008]).
The Supreme Court awarded the defendant an equitable distribution credit in the sum of $180,000 for a contribution of alleged separate property he made toward the construction of the marital residence. To satisfy the credit, the court directed that $180,000 the parties loaned to his parents should be repaid only to him. However, while the defendant testified that he used his separate funds to pay for materials used to construct the marital residence, he offered no additional evidentiary support for his claim (see McLoughlin v McLoughlin, 63 AD3d 1017, 1019 [2009]; Romano v Romano, 40 AD3d 837, 838 [2007]; Murphy v Murphy, 4 AD3d 460, 461 [2004]). Since the defendant failed to meet his burden of establishing that the $180,000 was separate property, he was not entitled to a credit. Consequently, the $180,000 the parties loaned to the defendant’s parents should be repaid to both parties.
The Supreme Court providently exercised its discretion in equally allocating responsibility for certain credit card debt in the amount of $22,648 that the plaintiff incurred prior to this action, as the plaintiff demonstrated that it constituted marital debt (see Alleva v Alleva, 112 AD3d 567, 569 [2013]; Rodriguez v Rodriguez, 70 AD3d 799, 802 [2010]).
Contrary to the defendant’s contention, the Supreme Court providently awarded the plaintiff $7,000 for one half the value of, inter alla, the furnishings in the marital residence and certain other items.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in directing the sale of the marital residence without first offering the defendant the option of retaining exclusive occupancy of the marital residence by purchasing the plaintiffs interest therein (see Aebly v Lally, 112 AD3d 561, 563 [2013]; Ierardi v Ierardi, 151 AD2d 548, 548-549 [1989]; see also Bartek v Draper, 309 AD2d 825, 826 [2003]). In order to exercise the option to purchase the plaintiffs interest, the defendant shall, within three months after service upon him of a copy of this decision and order with notice of entry, pay off *927 the remaining balances of all existing marital debts on the property, including the mortgage and the home equity loan. Upon her receipt of proof of satisfaction of these debts, the plaintiff shall convey her interest in the marital residence to the defendant, and the Supreme Court shall recalculate the equitable distribution award and make appropriate adjustments, taking into account the exercise of the option and satisfaction of the marital debts on the property and the conveyance of title. In the event that the option to purchase is not successfully exercised by the defendant within the time allotted, the marital residence shall be sold in accordance with the terms set forth in the judgment appealed from. Within 30 days of service upon him of a copy of this decision and order with notice of entry, the defendant shall notify the Supreme Court and the plaintiffs counsel, in writing, whether he intends to exercise the option. In the event the defendant fails to do so, he shall be deemed to have waived the option (see Aebly v Lolly, 112 AD3d at 563-564). Mastro, J.E, Chambers, Austin and Miller, JJ., concur.