■ Barbara Sawin, Respondent, v Scott Sawin, Appellant. [7 NYS3d 589]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Putnam County (Nicolai, J.), dated April 12, 2013, which granted his motion, in effect, pursuant to CPLR 4404 (b) to set aside a decision of the same court dated October 22, 2012, made after a nonjury trial, only to the extent of reducing the plaintiff's credit for marital funds used to improve his separate real property in Hartsdale from the sum of $14,500 to the sum of $10,053, and otherwise denied the motion, and (2), as limited by his brief, from stated portions of a judgment of the same court, also dated April 12, 2013, which, inter alia, upon the decision and the order, awarded the plaintiff maintenance in the sum of $2,000 per month for a period of eight years, directed him to pay child support in the sum of $2,220.33 per month, awarded the plaintiff a pendente lite attorney's fee in the sum of $10,000, and directed equitable distribution of the marital property and debts.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the judgment as awarded the plaintiff a pendente lite attorney's fee in the sum of $10,000 is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof awarding the plaintiff a credit in the sum of $8,000 representing one half of certain credit card debt, (2) by deleting the provision thereof awarding the plaintiff a credit in the sum of $6,600 based upon a loan she took out against her 401(k) account, (3) by deleting the provision thereof awarding the plaintiff a credit in the sum of $5,940 for payments toward the parties' oldest child's college expenses, and substituting therefor a provision awarding the plaintiff a credit in the sum of $1,200, (4) by deleting the provision thereof awarding the plaintiff a credit in the sum of $6,750 representing one half of marital funds allegedly used to pay real estate taxes on the defendant's separate real property in

Hartsdale, (5) by deleting the provision thereof awarding the plaintiff a credit in the sum of $6,000 representing one half of marital funds allegedly used to pay the defendant's attorney's fees, (6) by deleting the provision thereof awarding the plaintiff the sum of $1,250 representing one half of the parties' 2011 tax refund, and (7) by deleting the provision thereof awarding the plaintiff a credit in the sum of $1,800 representing one-half of rental income received from certain marital property in South Carolina, and substituting therefor a provision awarding her a credit in the sum of $350; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties were married in 1988 and have three children in common, born in 1992, 1994, and 1997, respectively. During the marriage, the defendant worked as a firefighter, and in 2011, he earned approximately $122,500. The plaintiff stopped working full-time after the birth of the parties' second child in 1994. In 2004, she began working part-time as a real estate agent, earning approximately $15,000 in 2010 and $23,000 in 2011. After the parties' separation in April 2010, the defendant moved to a house in Hartsdale that he had inherited from his parents. In December 2010, the plaintiff commenced this matrimonial action seeking, among other things, child support, maintenance, and equitable distribution. At the time of trial in February 2012, the parties' oldest child was in college and resided on campus during the school year.

The Supreme Court providently awarded maintenance to the plaintiff for a period of eight years, and the amount of the award was not excessive. "It is well established that, '[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Myers v Myers*, 118 AD3d 1315, 1315 [2014], quoting *Frost v Frost*, 49 AD3d 1150, 1150-1151 [2008]; *see McCarthy v McCarthy*, 57 AD3d 1481, 1481-1482 [2008]). Inasmuch as the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a), the award of maintenance was not improvident (*see Marley v Marley*, 106 AD3d 961, 962

[2013]; *McCarthy v McCarthy*, 57 AD3d at 1481-1482; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]). Moreover, taking into consideration the financial circumstances of the parties, neither the duration nor the amount of maintenance was excessive (*see Schmitt v Schmitt*, 107 AD3d 1529, 1529 [2013]; *McCarthy v McCarthy*, 57 AD3d at 1482; *cf. Perry v Perry*, 101 AD3d 1762, 1762-1763 [2012]).

The Supreme Court properly directed the defendant to pay a proportionate share of the children's college expenses as part of the child support award (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Cassano v Cassano*, 85 NY2d 649 [1995]). However, the child support award should have included a provision either directing that, when a child is living away from home while attending college, the defendant's monthly child support obligation shall be reduced, or awarding the defendant a credit against his child support obligation for any amounts that he contributes toward college room and board expenses for that child during those months (*see Kim v Schiller*, 112 AD3d 671, 676 [2013]; *Matter of Levy v Levy*, 52 AD3d 717, 718-719 [2008]; *Jablonski v Jablonski*, 275 AD2d 692, 693 [2000]; *Reinisch v Reinisch*, 226 AD2d 615, 616 [1996]). Accordingly, the matter must be remitted to the Supreme Court, Putnam County, for a determination of the defendant's child support obligation for any time periods that one or more of the parties' children are living away from home at college (*see Matter of Levy v Levy*, 52 AD3d at 719).

The Supreme Court erred in awarding the plaintiff a credit in the sum of $8,000 representing one half of certain credit card debt. At trial, the plaintiff testified that she incurred credit card debt in the amount of $16,000 over a two-year period starting approximately six months before this action was commenced. Although credit card debt incurred prior to the commencement of a matrimonial action constitutes marital debt and should be equally shared by the parties (*see Lamparillo v Lamparillo*, 116 AD3d 924, 926 [2014]; *Rodriguez v Rodriguez*, 70 AD3d 799 [2010]), debt incurred after the commencement of a matrimonial action typically is the responsibility of the party who incurred the debt (*see Epstein v Messner*, 73 AD3d 843, 845 [2010]; *Opperisano v Opperisano*, 35 AD3d 686, 688 [2006]; *Prince v Prince*, 247 AD2d 457 [1998]). Nonetheless, debt incurred in connection with household living expenses and clothing for the parties' children is debt that can be divided between the parties (*see Epstein v Messner*, 73 AD3d at 845; *Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]), even if incurred after the commencement of such an action (*see Alleva v Alleva*,

112 AD3d 567, 569 [2013]). However, debt incurred for the purchase of personal items for one of the parties cannot be so divided (*see Preisner v Preisner*, 47 AD3d 695, 696 [2008]). Here, the court noted that the expenses reflected in the credit card records were for food and clothing for the children and clothes for the plaintiff. Since the record before us does not show what portion of the debt was incurred prior to the commencement of this action, or the amount of that debt which was incurred to meet the plaintiff's personal, rather than marital, obligations, the matter must be remitted to the Supreme Court, Putnam County, to make those findings (*see Bernholc v Bornstein*, 72 AD3d 625, 628 [2010]; *Preisner v Preisner*, 47 AD3d at 696; *Opperisano v Opperisano*, 35 AD3d at 688), and make an award, if appropriate, consistent with such findings.

The Supreme Court also erred in determining that the plaintiff was entitled to a credit based upon a loan she took out against her 401(k) account. The court equitably distributed the 401(k) account so that each party would receive 50% of the account balance as of the date of the commencement of this action, plus or minus gains or losses until the date of segregation. The plaintiff testified that she took the loan out after the date of the commencement of this action, from her distributive share of the account, to pay for college expenses for the parties' oldest child, but that she did not, in fact, use the loan proceeds to pay for such expenses. Since the money from the loan was not used to pay for college expenses or for marital benefit, it is not a marital debt subject to equitable distribution (*see Corless v Corless*, 18 AD3d 493, 494 [2005]). Accordingly, the plaintiff is not entitled to any credit in connection therewith. Moreover, the removal of those funds did not affect the defendant's distributive share from the 401(k) account.

Additionally, the Supreme Court erred in awarding the plaintiff a credit in the sum of $5,940 for payments she made toward the oldest child's college expenses. The court determined that, after application of "any scholarships, grants, awards or the like and after application of each child's respective college account," the plaintiff is obligated to pay 34% of the tuition, room, board, and mandatory expenses, up to the "SUNY C[ap]." The plaintiff testified that room, board, and tuition for the oldest child's 2011-2012 school year cost the parties $20,000 and that she had paid $8,000 toward the first semester. Pursuant to the parties' respective proportionate obligations for payment of college expenses, the defendant's obligation is $13,200 (66% of $20,000) and the plaintiff's obligation is $6,800 (34% of $20,000). Accordingly, the plaintiff paid $1,200 ($8,000 - $6,800)

of the defendant's obligation for college expenses. Thus, the plaintiff should have received a credit in the sum of $1,200, rather than $5,940, for this expenditure.

There is no merit to the defendant's contention that the Supreme Court erred in awarding the plaintiff a credit for marital funds used by the defendant to improve and repair the Hartsdale property, which is the defendant's separate property. To the extent that the funds used to enhance the value of the Hartsdale property came from income earned during the marriage, those funds are marital property and the plaintiff is entitled to an equitable share thereof (see Khan v Ahmed, 98 AD3d 471 [2012]; Zelnik v Zelnik, 169 AD2d 317 [1991]). At trial, the plaintiff introduced evidence detailing the expenditures made to improve the Hartsdale property, including receipts. Accordingly, the court properly awarded the plaintiff a credit for her share of the marital funds used for those expenditures.

However, the Supreme Court erred in awarding the plaintiff a credit in the sum of $6,750 representing one half of marital funds the defendant allegedly used to pay real estate taxes on the Hartsdale property. The defendant testified that he did not use his own funds to pay the real estate taxes and that his brother paid the taxes using inherited funds, and the plaintiff did not refute this evidence.

The Supreme Court also erred in awarding the plaintiff a credit in the sum of $6,000 representing one-half of marital funds the defendant allegedly used to pay his attorney's fees. Although a party should not use marital assets to pay fees to his or her attorney (see Heymann v Heymann, 102 AD3d 832, 833 [2013]), here, the record does not evidence when the defendant hired his attorney, how much he paid him, or the source of those funds. Accordingly, the matter is remitted to the Supreme Court, Putnam County, to determine how much, if any, of the defendant's attorney's fees were paid for with marital funds.

In addition, the Supreme Court erred in determining that the plaintiff was entitled to a credit in the sum of $1,250 representing her share of the parties' 2011 tax refund. The plaintiff made no prima facie showing of entitlement to such funds, since she failed to demonstrate that the parties had filed their taxes jointly in 2011, or that any refund of those taxes was paid.

Further, the Supreme Court erred in awarding the plaintiff a credit in the sum of $1,800 representing rental income from certain marital property in South Carolina. The evidence at

trial established that the total amount of rental income received from this property at the end of the prior year was $700. The plaintiff did not present any evidence showing otherwise. Thus, the plaintiff is entitled to credit in the sum of $350 (50% of $700), not $1,800.

Since there was no evidence as to the value of the parties' three vehicles, this Court cannot say that the Supreme Court improvidently exercised its discretion in the manner in which it distributed those vehicles (*see Milnarik v Milnarik*, 23 AD3d 960 [2005]).

Finally, we must dismiss the appeal from so much of the judgment as awarded the plaintiff a pendente lite attorney's fee in the sum of $10,000. It is the obligation of the appellant to assemble a proper record on appeal (*see* CPLR 5525 [a]; *Hazell v State of New York*, 81 AD3d 893, 893 [2011]; *Matison v County of Nassau*, 290 AD2d 494, 495 [2002]). Here, the defendant failed to include any of the papers submitted to the Supreme Court in connection with the plaintiff's motion for a pendente lite attorney's fee. Since the record is inadequate for this Court to review the issues raised by the defendant as to this award, the appeal from this portion of the judgment must be dismissed (*see Elgart v Berezovsky*, 123 AD3d 970, 971 [2014]; *Matter of Rose G. [Vincent G.]*, 120 AD3d 683, 684 [2014]; *Matter of Leichter-Kessler v Kessler*, 117 AD3d 825, 826 [2014]; *Hazell v State of New York*, 81 AD3d at 893).

Accordingly, we remit the matter to the Supreme Court, Putnam County, for further proceedings in accordance with the foregoing, and the entry of an appropriate amended judgment thereafter. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.