■ LEIGH ANN LAMPARILLO, Respondent, v GREGORY LAMPARILLO, Appellant. [12 NYS3d 296]—

Motion by the defendant for leave to reargue an appeal from a judgment of the Supreme Court, Orange County, dated April 16, 2012, which was determined by decision and order of this Court dated April 23, 2014.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated April 23, 2014

(*Lamparillo v Lamparillo*, 116 AD3d 924 [2014]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Marx, J.), dated April 16, 2012, as, upon findings of fact and conclusions of law dated April 16, 2012, and a decision dated November 22, 2011, made after a nonjury trial, (a) directed him to pay maintenance to the plaintiff in the sum of $550 per week for a period of three years, (b) directed the sale of the marital residence and the equal division of the net proceeds between the parties after the payment of all marital debt, including credit card debt in the amount of $22,648, and after payment of $7,000 to the plaintiff for her one-half interest in the household furnishings and other items, (c) failed to give him the option of purchasing the plaintiff's interest in the marital residence, and (d) awarded him a separate property credit of only $180,000 for alleged separate funds he contributed to the construction of the marital residence, and directed that the credit be satisfied by his parents' repayment to him of a loan made to them by the parties.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

When determining a maintenance obligation, "[w]here a party's account of his or her finances is not believable, the court may impute a true or potential income higher than that alleged" (*DiPalma v DiPalma*, 112 AD3d 663, 664 [2013]; *see Kessler v Kessler*, 118 AD3d 946 [2014]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant based on, inter alia, information he provided in a bankruptcy petition (*see Greisman v Greisman*, 98 AD3d 1079, 1080 [2012]; *Duffy v Duffy*, 84 AD3d 1151, 1152 [2011]).

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008] [internal quotation marks omitted]; *see Wortman v Wortman*, 11 AD3d 604, 606 [2004]). In view of the relevant factors, including the income of the parties, the

length of the marriage, the present and future earning capacity of the parties, and the ability of the party seeking maintenance to become self-supporting, the Supreme Court providently exercised its discretion in awarding the plaintiff weekly maintenance in the sum of $550 for a period of three years (*see* Domestic Relations Law § 236 [B] [6] [a]; *Duffy v Duffy*, 84 AD3d at 1152; *Groesbeck v Groesbeck*, 51 AD3d 722, 723 [2008]; *Schwalb v Schwalb*, 50 AD3d 1206, 1210 [2008]).

Contrary to the defendant's contention, the Supreme Court properly awarded him a separate property credit of only $180,000, instead of the $265,000 credit that he requested. The trial evidence regarding the contributions of alleged separate property that he made toward the construction of the marital residence failed to support the higher figure (*see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]; *Romano v Romano*, 40 AD3d 837, 838 [2007]; *Murphy v Murphy*, 4 AD3d 460, 461 [2004]). Moreover, the court did not act improperly in directing that the credit be satisfied by the defendant's parents' repayment to him of a $180,000 loan made to them by the parties.

The Supreme Court providently exercised its discretion in equally allocating responsibility for certain credit card debt in the amount of $22,648 that the plaintiff incurred prior to the commencement of this action, as the plaintiff demonstrated that it constituted marital debt (*see Alleva v Alleva*, 112 AD3d 567, 569 [2013]; *Rodriguez v Rodriguez*, 70 AD3d 799, 802 [2010]).

Contrary to the defendant's contention, the Supreme Court providently awarded the plaintiff $7,000 for one half the value of the furnishings in the marital residence and certain other items.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in directing the sale of the marital residence without first offering the defendant the option of retaining exclusive occupancy of the marital residence by purchasing the plaintiff's interest therein (*see Aebly v Lally*, 112 AD3d 561, 563 [2013]; *Ierardi v Ierardi*, 151 AD2d 548, 548-549 [1989]; *see also Bartek v Draper*, 309 AD2d 825, 826 [2003]). Accordingly, in the event that the parties have not yet entered into a contract for the sale of the marital residence to a third party, the defendant should be afforded an option to purchase the plaintiff's interest. In order to exercise the option to purchase the plaintiff's interest, the defendant shall, within three months after service upon him of a copy of this decision and order with notice of entry, pay off the remaining balances of all existing marital debts on the property, including the

mortgage and the home equity loan. Upon her receipt of proof of satisfaction of these debts, the plaintiff shall convey her interest in the marital residence to the defendant, and the Supreme Court shall recalculate the equitable distribution award and make appropriate adjustments, taking into account the exercise of the option and satisfaction of the marital debts on the property and the conveyance of title. In the event that the option to purchase is not successfully exercised by the defendant within the time allotted, the marital residence shall be sold in accordance with the terms set forth in the judgment appealed from. Within 30 days of service upon him of a copy of this decision and order with notice of entry, the defendant shall notify the Supreme Court and the plaintiff's counsel, in writing, whether he intends to exercise the option. In the event the defendant fails to do so, he shall be deemed to have waived the option (*see Aebly v Lally*, 112 AD3d at 563-564). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.