James v James (2018 NY Slip Op 05147)





James v James


2018 NY Slip Op 05147


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-00109
 (Index No. 8709/07)

[*1]Lorna James, respondent, 
v
Michael James, appellant.


Lance H. Meyer, Esq., PLLC, Lake Success, NY, for appellant.
Schreck Law Group, Lawrence, NY (Mark I. Schreck of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (William M. Harrington, J.), dated February 11, 2013. The judgment, insofar as appealed from, upon a decision of the same court dated May 17, 2012, made after a nonjury trial, inter alia, awarded the plaintiff a 20% interest in two of the defendant's businesses, and failed to award the defendant a share of the plaintiff's tax-deferred annuity.
ORDERED that the judgment is modified, on the law and the facts, by adding a provision thereto providing that the defendant is entitled to an equitable distribution of the plaintiff's tax-deferred annuity; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.
The plaintiff and the defendant were married in June 1985. During the marriage, the plaintiff was employed as a teacher with the New York City Board of Education, and the defendant, among other things, owned and operated two businesses; New Deal Daycare and Learning Center, Inc. (hereinafter New Deal), and Lormic Transportation, Inc. (hereinafter Lormic). In or about April 2007, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial on the issues of maintenance and equitable distribution, the Supreme Court entered a judgment of divorce which, inter alia, awarded the plaintiff a 20% interest in New Deal and in Lormic. The judgment of divorce provided for equitable distribution of the plaintiff's pension, but failed to provide for equitable distribution of the plaintiff's tax-deferred annuity with the New York City Board of Education. The defendant appeals.
The Supreme Court did not err in awarding the plaintiff a 20% interest in New Deal and in Lormic (see Levitt v Levitt, 97 AD3d 543, 544; Elmaleh v Elmaleh, 184 AD2d 544, 546).
The Supreme Court erred, however, in failing to equitably distribute the plaintiff's tax-deferred annuity (see Iacono v Iacono, 145 AD3d 972, 974; Mulcahy v Mulcahy, 255 AD2d 565, 566). "It is well established that pension and retirement benefits belonging to either spouse [*2]attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce" (McGrath v McGrath, 261 AD2d 369, 370; see Majauskas v Majauskas, 61 NY2d 481; Hewitt v Hewitt, 266 AD2d 433, 433). Accordingly, upon remittal, the Supreme Court is directed to equitably distribute the plaintiff's tax-deferred annuity, and to enter an amended judgment accordingly.
The plaintiff's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Queens County, to provide for the equitable distribution of the plaintiff's tax-deferred annuity (see Mulcahy v Mulcahy, 255 AD2d at 566), and for the entry of an appropriate amended judgment thereafter.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court