■ CAROL DAMON, Respondent, v MICHAEL DAMON, Appellant. [823 NYS2d 540]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Prus, J.), dated March 21, 2005, which, inter alia, awarded the plaintiff wife equitable distribution and child support.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting so much of the 14th decretal paragraph thereof as directed the defendant to pay the sum of $812 per month in child support, and (2) deleting so much of the 15th decretal paragraph thereof as directed the defendant to pay the sum of $2,304.18 in child support arrears; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a recalculation of the amount of child support and child support arrears, taking into account the shelter costs incurred by the defendant in providing housing to the plaintiff and the minor children, and for entry of an amended judgment thereafter.

The Supreme Court properly concluded that the defendant's lottery prize was marital property subject to equitable distribution. "Courts have universally held that the proceeds of a win-

ning lottery ticket acquired by a spouse during the marriage constitute marital property" (*Campbell v Campbell*, 213 AD2d 1027, 1028 [1995]; *see Smith v Smith*, 162 AD2d 346, 347-348 [1990]; *Ullah v Ullah*, 161 AD2d 699-700). Moreover, as the award was "predominately the result of fortuitous circumstances and not the result of either spouse's toil or labor," the contributions to the marriage of each party "have little relevance to the manner in which the lottery jackpot should be distributed" (*Ullah v Ullah, supra* at 700; *see Smith v Smith, supra*). Accordingly, the court did not improvidently exercise its discretion in awarding the plaintiff 25% of the lottery winnings deemed to be her share of the marital property.

However, we agree with the defendant that the court erred in failing to ascertain and deduct from his child support obligation the shelter costs incurred by the defendant in providing housing for the plaintiff and minor children. "Shelter costs, like food and clothing, inhere in the basic child support obligation [and,] [t]hus, the statute does not contemplate the cost of providing the child's shelter as an extraordinary expense to be added to the support obligation" (*Lenigan v Lenigan*, 159 AD2d 108, 112 [1990]; *see Sicurelli v Sicurelli*, 285 AD2d 541, 542 [2001]; *Polychronopoulos v Polychronopoulos*, 226 AD2d 354, 355 [1996]). Accordingly, we remit the matter to the Supreme Court, Kings County, to recalculate the amount of child support and child support arrears, taking into account the shelter costs incurred by the defendant in providing housing to the plaintiff and the minor children.

We do not reach the defendant's contention that the Supreme Court erred in directing him to pay the entire cost of the children's college tuition, as the judgment appealed from does not contain a provision concerning the children's college tuition. Further, to the extent that the plaintiff contends that she is entitled to a greater award of equitable distribution, we note that she did not cross-appeal from the judgment. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.