The court properly lifted the stay of this action, which had been imposed pending the conclusion of the related criminal proceedings (see CPLR 2201; Britt v International Bus Servs., 255 AD2d 143, 144 [1st Dept 1998]). As the court observed, there is no indication in the record that there are any criminal proceedings pending against Hoey (see Stuart v Tomasino, 148 AD2d 370, 373 [1st Dept 1989] [“Even if a criminal prosecution had been pending, however, the motion court was not obligated to stay the civil matter”]; see also Fortress Credit Opportunities I LP v Netschi, 59 AD3d 250 [1st Dept 2009]). The mere possibility that Hoey may be indicted in the future is an insufficient basis for an open-ended stay, especially where four years have elapsed since decedent’s death and no criminal proceeding has been commenced against defendant Hoey.
Contrary to defendant’s argument, notwithstanding that the stay order provided that the parties could move to lift the stay after criminal proceedings against Hoey had concluded, the court was fully empowered to vacate or modify its own order (see Haenel v November & November, 144 AD2d 298 [1st Dept 1988]). Concur — Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.