■ Joseph R. Iacono, Respondent, v Laura L. Iacono, Appellant. [44 NYS3d 495]—

Appeal from a judgment of divorce of the Supreme Court, Nassau County (Norman Janowitz, J.), entered August 18, 2014. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 20, 2013, made after a nonjury trial, directed equitable distribution of the parties' marital property and failed to award the defendant maintenance.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the plaintiff a credit against the proceeds of the sale of the marital residence for 50% of the mortgage, real estate tax, and homeowner's insurance premium payments he made since the commencement of this action, and (2) by deleting the provision thereof awarding the plaintiff a separate property credit of $105,000 against the proceeds of the sale of the marital residence; as so modified,

the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

The parties were married in May 1987, and have two children. In June 2011, the plaintiff commenced this action for a divorce and ancillary relief. In an order dated August 16, 2013, after a hearing, the Supreme Court awarded sole custody of the parties' children to the plaintiff. On appeal, this Court affirmed (*see Iacono v Iacono*, 117 AD3d 988 [2014]). Thereafter, the Supreme Court conducted a nonjury trial on the financial issues. As relevant here, in a judgment entered August 18, 2014, upon a decision dated December 20, 2013, made after a nonjury trial, the Supreme Court awarded the plaintiff exclusive use and occupancy of the marital residence until the later of the date that the parties' youngest child graduates from high school or attains the age of 18 years, at which time the marital residence was to be sold. The net proceeds of the sale were to be divided equally between the parties after crediting the plaintiff $105,000 for separate funds he claimed to have used to purchase the marital residence, and 50% of the mortgage, real estate tax, and homeowner's insurance premium payments he made since the commencement of the action. The defendant appeals.

The plaintiff claimed that he derived $105,000 from the sale of separate property, which he invested in the parties' first marital home. This marital home was jointly owned by the parties subject to their joint mortgage obligations. In 2001, it was sold and the sale proceeds were applied toward the purchase of the current marital home.

Property acquired during the marriage is presumed to be marital (*see* Domestic Relations Law § 236 [B] [1] [c]; *Pappas v Pappas*, 140 AD3d 838 [2016]; *Renck v Renck*, 131 AD3d 1146 [2015]). The alleged $105,000 proceeds were converted into presumptively marital property when applied toward the purchase of the parties' first marital home (*see Hartog v Hartog*, 85 NY2d 36, 49 [1995]; *Lynch v King*, 284 AD2d 309 [2001]). Contrary to the Supreme Court's determination, the plaintiff failed to establish entitlement to a separate property credit for the separate property funds he used in the purchase of the first marital home, as he offered no clear and convincing evidence to substantiate the specific amount claimed (*see Massimi v Massimi*, 35 AD3d 400, 402 [2006]), or that the comingling was created solely for convenience without an inten-

tion of creating a marital beneficial interest (see *Renck v Renck*, 131 AD3d at 1149; *Pappas v Pappas*, 140 AD3d 838 [2016]).

Additionally, the plaintiff is not entitled to a credit for 50% of the carrying charges on the marital residence, as the defendant is paying child support. "Shelter costs, like food and clothing, inhere in the basic child support obligation [and,] [t]hus, the statute does not contemplate the cost of providing the child's shelter as an extraordinary expense to be added to the support obligation" (*Lenigan v Lenigan*, 159 AD2d 108, 112 [1990]; see *Higgins v Higgins*, 50 AD3d 852, 854 [2008]; *Damon v Damon*, 34 AD3d 416, 417 [2006]). Awarding the plaintiff a credit for 50% of his payments of carrying costs would result in the defendant making double shelter payments (see *Dougherty v Dougherty*, 131 AD3d 916, 919 [2015]; *Davidman v Davidman*, 97 AD3d 627, 628 [2012]; *Mosso v Mosso*, 84 AD3d 757, 759 [2011]).

However, the defendant is entitled to a credit of 50% of the sums that the plaintiff admitted that he withdrew from a joint bank account and an individual retirement account with MetLife prior to or after the commencement of this action (see Domestic Relations Law § 236 [B] [5] [d] [12]; *DeGroat v DeGroat*, 84 AD3d 1012, 1013 [2011]; *Xikis v Xikis*, 43 AD3d 1040, 1042 [2007]). Moreover, the Supreme Court erred in failing to award the defendant 50% of an individual retirement account in the plaintiff's name with Vanguard (see *Michaelessi v Michaelessi*, 59 AD3d 688, 690 [2009]), and in failing to address the issue of the plaintiff's pension with North Side Power (see *Majauskas v Majauskas*, 61 NY2d 481 [1984]; *Mulcahy v Mulcahy*, 255 AD2d 565, 566 [1998]). As the value of these accounts and the pension, either at the time of the commencement of the action or as of the date of the trial, cannot be determined from the record, we remit the matter to the Supreme Court, Nassau County, for a determination regarding these accounts and pension, and the entry thereafter of an appropriate amended judgment.

Further, the Supreme Court failed to address the defendant's request for an award of maintenance. Accordingly, we also remit this matter to the Supreme Court, Nassau County, for a determination on the issue of maintenance (see *Lewis v Lewis*, 118 AD3d 958 [2014]; *Tozer v Tozer*, 286 AD2d 384 [2001]).

The parties' remaining contentions are either not properly before this Court or are without merit. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.