OPINION OF THE COURT Catherine M. DiDomenico, J. By post-dispositional motion (seq. No. 012), defendant wife A.E. seeks an order vacating this court’s decision after trial dated January 3, 2017 and replacing it with a modified decision which restructures the way child support is to be paid in this case. By separate post-dispositional motion (seq. No. 013), wife seeks to postpone the signing of the judgment of divorce and related documents until a determination can be made on her request for modification of the original decision. Plaintiff husband opposes wife’s applications in their entirety, and asks that they be denied on both procedural and substantive grounds. Husband further makes an affirmative request, via cross motion (seq. No. 014), that he be granted a recoupment of alleged overpayments of pendente lite child support. Procedural Posture The three motions currently pending before this court are all post-dispositional in nature. Each was filed after the issuance of this court’s decision after trial dated January 3, 2017, and before a judgment of divorce could be signed. The January 3rd decision, which granted plaintiff husband a judgment of divorce, also resolved the issue of child support. By the terms of that decision, husband was directed to pay the monthly sum of $4,866 in child support, but was allowed to deduct the payment of the mortgage relating to the home where wife and the children reside from that amount. All other issues had been previously resolved by this court’s decision and order dated December 31, 2014 which found the parties’ prenuptial agreement to be valid and enforceable. That prenuptial agreement’s terms resolved all the other issues related to this divorce proceeding. Plaintiff husband filed a proposed judgment of divorce, findings of fact, and conclusions of law on or about May 19, 2017. On September 8, 2017, defendant wife indicated that she intended to submit a counter judgment of divorce, which she did on October 4, 2017. As neither the judgment of divorce, nor the counter judgment of divorce have been signed to date, wife’s application to postpone the signing of the same until the issuance of the present decision and order (mot. seq. No. 013) has been rendered moot. Decision Defendant wife, through counsel, seeks to vacate and modify this court’s child support decision on the basis that she believes the court made an error in applying the law. Wife’s counsel argues, in sum and substance, that the court erred in allowing husband to deduct mortgage payments relating to the former marital home, where wife and the subject children reside, from his monthly child support obligation. This is commonly referred to as the “double shelter rule.” (See Lenigan v Lenigan, 159 AD2d 108 [3d Dept 1990].) Wife’s counsel argues that it was improper for the court to order this deduction on the premise that the “double shelter rule” only applies to temporary support awards. The contested part of this court’s decision reads as follows: “the Court is once again faced with a unique set of circumstances, as it is undisputed that Wife and the subject children continue to reside in a home that is Husband’s separate property. Contrary to Wife’s position that she is not overtly seeking ‘shelter expenses,’ an Order from this Court directing Husband to pay [Child Support Standards Act (CSSA)] guidelines child support, together with the mortgage, utilities, and carrying charges relating to the property where Wife and the children reside, would result in a clear double shelter violation. . . . “it is hereby ordered that until such time as Wife chooses to relocate from the former marital home, or Husband takes action regarding his rights to the property, Husband shall be entitled to deduct the payment of the mortgage from his monthly payment of child support” (slip op at 7-8 [citations omitted]). Plaintiff husband opposes wife’s motion by first arguing that it is procedurally defective. Husband argues that CPLR 5015 (a), upon which wife relies, sets forth a strict set of grounds upon which a motion seeking “relief from a judgment or order” can be made. Husband claims that wife has failed to allege, nevertheless establish, any of these enumerated grounds. Nor is wife attempting to modify a “judgment or order” as the court has only issued its decision after trial. Husband further argues that the motion cannot even be considered by the court, as it does not contain an affidavit from wife, and instead relies only upon argument by counsel set forth in an affirmation. Wife’s counsel counters that while her application might not fit into one of the enumerated grounds, the court can still change its own decisions and orders. In this regard wife’s counsel is correct, as the court always retains the “inherent power to set aside, correct or modify its own orders.” (Halloran v Halloran, 161 AD2d 562, 564 [2d Dept 1990]; see also Sayre v Hoey, 113 AD3d 482 [1st Dept 2014].) As for wife’s failure to provide an affidavit, as the arguments raised in wife’s application are not factually based, but rather grounded in this court’s understanding of the law, the court finds that an affidavit would be unnecessary. In so ruling, the court has not considered any “factual allegations” raised by wife’s counsel (as she lacks personal knowledge) and has only relied upon the legal arguments raised in the motion papers. (See Dinardo v Mitarotonda, 2014 NY Slip Op 33781[U] [Sup Ct, Westchester County 2014].) Now, after consideration of the legal arguments raised by wife’s counsel, wife’s application to modify the court’s decision after trial dated January 3, 2017 is hereby denied on its merits. Wife’s assertion that the “double shelter rule” only applies to pendente lite support awards is without support in law. In fact, this well settled theory of law, which prohibits a court from ordering someone who is paying a mortgage for the benefit of his or her children to also pay CSSA child support, is equally applied to a “final” award of child support, especially when a custodial parent remains in the former marital home post-divorce. (See Davidman v Davidman, 97 AD3d 627 [2d Dept 2012]; see also Iacono v Iacono, 145 AD3d 972 [2d Dept 2016]; Harris v Harris, 97 AD3d 534 [2d Dept 2012]; Cerami v Cerami, 44 AD3d 815 [2d Dept 2007].) Here, wife and the subject children enjoy the benefit of living in the former marital home, which this court found constituted husband’s separate property. Notably, the parties have not agreed that wife would retain possession rights of the property for any established period of time (e.g. “exclusive use and occupancy”). During oral argument of the motion, wife’s counsel correctly stated that once the parties are divorced, husband and wife will effectively become akin to landlord and tenant. (Sept. 8, 2017 tr at 5.) Like any other landlord tenant relationship, wife will then become responsible for paying her own shelter costs. In this case, as wife resides with the subject children, her guidelines child support is intended to pay for those shelter costs. (See Mosso v Mosso, 84 AD3d 757 [2d Dept 2011]; see also Damon v Damon, 34 AD3d 416 [2d Dept 2006].) While wife has apparently been given the choice to remain in the former marital home, husband has also reserved his rights to take possession or sell that property. If either party exercises their rights, in either regard, and wife and the subject children relocate to a different residence, then under the terms of the January 3rd decision, husband would be obligated to pay wife the full amount of CSSA guidelines support as delineated therein ($4,866 a month). While wife has raised concerns that husband could abuse this court’s decision by manipulating the monthly amount of the mortgage to reduce her net child support award, that argument is not persuasive. In the event that husband refinanced the property to increase his mortgage payment, wife would always have the right to relocate to a less expensive residence, or make an application to the court for a modification of the child support award based upon a “substantial change in circumstances.” (See Matter of Spaights v Muller, 147 AD3d 768, 769 [2d Dept 2017].) However, husband has indicated, during oral argument of this motion, that he intends to reduce the amount of the mortgage, which would necessarily increase wife’s net child support award. (Sept. 8, 2017 tr at 11.) In any event, so long as wife and the subject children retain occupancy of the former marital home, husband cannot be compelled to pay full CSSA child support on top of his contractual obligation to pay the mortgage and carrying charges related to his home. Husband’s payment of the mortgage where his children reside is equivalent to the payment of their shelter expenses; to order him to pay full CSSA guidelines support in addition to the mortgage would be a clear violation of the double shelter rule. (See Polychronopoulos v Polychronopoulos, 226 AD2d 354 [2d Dept 1996]; see also Welsh v Lawler, 282 AD2d 977 [3d Dept 2001].) While wife could theoretically be directed to pay the mortgage herself, in its decision this court reasoned that husband was better suited to pay the same post-divorce, as wife would be a legal stranger to the mortgage contract. Motion Sequence No. 014 In addition to opposing wife’s application, husband seeks affirmative relief in the form of an order granting him “recovery of overpayment of pendente lite child support.” Husband argues that under the terms of the pendente lite order, he overpaid support in the total amount of $141,227.* After consideration of husband’s application, and wife’s opposition thereto, that application is hereby denied. While it may be true that husband “overpaid” support, “there is a strong public policy against restitution or recoupment of support overpayments.” (Johnson v Chapin, 12 NY3d 461, 466 [2009] [internal quotation marks omitted]; see also O’Donnell v O’Donnell, 153 AD3d 1357 [2d Dept 2017]; Matter of Holmes v Holmes, 140 AD3d 1066 [2d Dept 2016].) This court’s pendente lite order did not utilize the CSSA guidelines; accordingly, husband was directed to pay both direct support and the carrying charges where wife lived, resulting in an overpayment of child support.