Malkani v Malkani (2022 NY Slip Op 05082)

Malkani v Malkani

2022 NY Slip Op 05082

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-06043
2019-06625
 (Index No. 61725/17)

[*1]Malina Linkas Malkani, appellant, 
v
Robert Gilman Malkani, respondent.

Dobrish Michaels Gross LLP, New York, NY (Robert Z. Dobrish and Sophie Heinlein of counsel), for appellant.
Miller Zeiderman & Wiederkehr, White Plains, NY (Evan Wiederkehr of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of (1) a decision of the Supreme Court, Westchester County (John P. Colangelo, J.), dated March 28, 2019, and (2) a judgment of divorce of the same court dated May 14, 2019. The judgment of divorce, upon the decision, made after a nonjury trial, inter alia, directed that the maintenance and child support payments to be made by the defendant shall commence on the first day of the month following the entry of the judgment of divorce, directed the defendant to pay to the plaintiff child support in the sum of only $2,074.46 per month and postdivorce maintenance in the sum of only $1,000 per month for a period of 12 months, allocated only 61% of the responsibility for statutory add-on expenses to the defendant and 39% of the responsibility for such expenses to the plaintiff, and declined to equitably distribute the security deposit being held by the landlord of the marital residence.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment of divorce is modified, on the law, on the facts, and as a matter of discretion, (1) by deleting the provisions thereof directing that the maintenance and child support payments to be made by the defendant shall commence on the first day of the month following the entry of the judgment of divorce, and substituting therefor provisions directing that those payments shall be retroactive to August 8, 2017, (2) by deleting the provisions thereof awarding the plaintiff child support in the sum of $2,074.46 per month and post-divorce maintenance in the sum of $1,000 per month for a period of 12 months, (3) by deleting the provision thereof allocating 61% of the responsibility for statutory add-on expenses to the defendant and 39% of the responsibility for such expenses to the plaintiff, and (4) by adding a provision thereto awarding the plaintiff 50% of so much of the security deposit as is returned by the landlord upon termination of the lease on the marital residence; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's maintenance and child support [*2]obligations, including a new determination as to the duration of postdivorce maintenance, and a recalculation of each party's share of the responsibility for statutory add-on expenses, in accordance herewith, and the entry of an appropriate amended judgment of divorce thereafter.
The parties were married on December 31, 2007, and have three minor children. The instant action for a divorce and ancillary relief was commenced on August 8, 2017, with the filing of a summons and complaint demanding maintenance and child support. By order dated June 27, 2018, the issues of pendente lite maintenance and child support were deferred to the trial court.
After a nonjury trial, the Supreme Court awarded the plaintiff maintenance and child support, commencing on the first day of the month following the entry of the judgment of divorce, rather than being retroactive to the date of the commencement of the action, when the plaintiff first sought maintenance and child support. In computing maintenance and child support, the court noted that the defendant was employed at an annual salary of $235,000 and, based upon the potential of a bonus, imputed to him a total annual income of $270,000. The court further noted that the plaintiff had been offered full-time employment with an annual salary of $85,000 by her current employer, and imputed that income to her. The court imputed additional annual income of $84,000 to the plaintiff, on the ground that her father was paying the rent for her current residence. Accordingly, maintenance and child support were based upon imputed income of $270,000 for the defendant and $169,000 for the plaintiff.
Based upon those figures, the computation of maintenance pursuant to Domestic Relations Law § 236(B)(6) resulted in a negative number. The Supreme Court nevertheless awarded the plaintiff maintenance in the sum of $1,000 per month for a period of 12 months. Child support was awarded to the plaintiff based upon the defendant's imputed income of $270,000 and the plaintiff's imputed income of $169,000, utilizing the statutory cap of $148,000 for combined parental income. Based on the income imputed to each party, the court determined that the defendant would be responsible for 61% of all statutory add-on expenses and the plaintiff would be responsible for 39% of such expenses.
These determinations were reflected in a judgment of divorce dated May 14, 2019. The plaintiff appeals from stated portions of the judgment of divorce.
"A party's maintenance and child support obligations commence, and are retroactive to, the date the applications for maintenance and child support were first made," which, in this case, was the date of the commencement of this action (Sinnott v Sinnott, 194 AD3d 868, 878; DiLascio v DiLascio, 170 AD3d 804, 808; Schack v Schack, 128 AD3d 941, 943; see Domestic Relations Law § 236[B][6][a]; [7][a]). Accordingly, the award of spousal maintenance and child support to the plaintiff should have been retroactive to August 8, 2017.
In determining maintenance and child support obligations, "'[a] court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Tuchman v Tuchman, 201 AD3d 986, 990, quoting Duffy v Duffy, 84 AD3d 1151, 1151-1152). Imputation of income may be based upon employment history, future earning capacity, educational background, or money received from friends and relatives (see Duffy v Duffy, 84 AD3d at 1152).
In this case, the Supreme Court properly imputed annual income of $85,000 to the plaintiff, based upon the offer of a full-time job from her employer. However, imputing an additional $84,000 in annual income to the plaintiff, based upon the fact that her father paid her rent so she could live separate and apart from the defendant during the pendency of this action, was an improvident exercise of discretion. This gift was made by the plaintiff's father after the action was commenced, and was at least in part a response to the fact that the defendant was not making any pendente lite support payments (see Isaacs v Isaacs, 246 AD2d 428; see also Noble v Noble, 78 AD3d 1386, 1388). Moreover, the term of the lease for the plaintiff's residence was only 19 months, commencing on December 1, 2017. The plaintiff's father had no legal obligation to provide his daughter with housing, and there was no indication in the record that his payment of rent would [*3]continue once the 19-month lease period ended (see Huebscher v Huebscher, 206 AD2d 295). Under these circumstances, it was not appropriate to impute the rental payments made by the plaintiff's father as income to the plaintiff.
Thus, while the Supreme Court properly attributed an annual income of $270,000 to the defendant, it should have attributed a total annual income of $85,000 to the plaintiff.
The Supreme Court declined to award the plaintiff an equitable share of the security deposit of $12,000 given to the landlord of the marital residence, reasoning that the plaintiff did not prove that the deposit was paid with marital funds and that, since the lease of the marital residence had not ended, it was not known whether the security deposit would be returned. However, there is no indication in the record that the security deposit, which was given after the parties had been married for approximately seven years, somehow derived from separate property, and thus, the presumption that the security deposit was paid with marital property, and therefore was subject to equitable distribution, was not overcome (see Domestic Relations Law § 236[B][1][c]; Fields v Fields, 15 NY3d 158, 165). Since there is no reason an equitable distribution award cannot be made to the plaintiff on a contingent basis, the court should have awarded the plaintiff 50% of so much of the security deposit as is returned by the landlord upon the termination of the lease on the marital residence.
The Supreme Court properly awarded the defendant 50% of the 11,111 shares of stock that were awarded to the plaintiff by her employer and which vested prior to the commencement of this action. Contrary to the plaintiff's contention, the court's determination to distribute 5,555 shares to the defendant in kind was not an improvident exercise of discretion (see Raposo v Raposo, 164 AD3d 1383, 1384-1385).
With respect to the parties' vehicles, the Supreme Court properly awarded the defendant a credit of $5,094, amounting to one-half of the difference between the trade-in value of the vehicle awarded to him and the trade-in value of the vehicle awarded to the plaintiff. The court properly declined to grant the plaintiff an allowance for repairs to her vehicle, since she submitted no evidence regarding repairs to the vehicle.
Contrary to the plaintiff's contention, the Supreme Court properly directed each party to pay his or her own counsel fees. Domestic Relations Law § 237(a) provides that "[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse," which, in this case, is the plaintiff. However, an award of counsel fees is a matter committed to the court's discretion, which should be exercised after considering the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions (see DiNapoli v DiNapoli, 200 AD3d 1027, 1031). Here, the plaintiff's parents paid most of her legal fees. Therefore, funds were available to her to ensure her adequate representation. Furthermore, since the plaintiff submitted no evidence as to the amount of the legal fees she incurred, there was no basis for an award of counsel fees to her (see Cervone v Cervone, 74 AD3d 1268, 1269).
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
In light of our determination that the annual income attributed to the plaintiff should be reduced to $85,000, the matter must be remitted to the Supreme Court, Westchester County, for a new determination of the amounts to be awarded as maintenance, both pendente lite and postdivorce. Since the change in imputed income, as well as the change in the amount of maintenance awarded, will affect the parties' pro rata shares of child support, the court, upon remittitur, should also make a new determination of the amounts to be awarded as child support, both pendente lite and postdivorce. In addition, the court should recalculate each party's share of the responsibility for statutory add-on expenses. Finally, in light of our determination that the award of spousal maintenance should be retroactive to August 8, 2017, the court, upon remittitur, should make a new determination as to the duration of postdivorce maintenance.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court