Matter of Glaudin v Glaudin (2023 NY Slip Op 00662)

Matter of Glaudin v Glaudin

2023 NY Slip Op 00662

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-02392
 (Docket No. F-1244-20)

[*1]In the Matter of Denise Glaudin, respondent,
v
Gouston Glaudin, appellant.

Beth Swedsen Dowd, Garden City, NY (Margaret M. Stanton of counsel), for appellant.
Denise Glaudin, Wyandanch, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated February 19, 2021. The order denied the father's objections to an order of the same court (Darlene Jorif-Mangane, S.M.) dated January 13, 2021, which, after a hearing, inter alia, directed the father to pay basic child support in the sum of $211 per week for the parties' child.
ORDERED that the order dated February 19, 2021, is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated January 13, 2021, as failed to award the father a credit against his child support obligation for any portion of the carrying charges he incurred during the mother's exclusive occupancy of the marital residence, and substituting therefor a provision granting that objection; as so modified, the order dated February 19, 2021, is affirmed, without costs or disbursements, the order dated January 13, 2021, is modified accordingly, and the matter is remitted to the Family Court, Suffolk County, for a recalculation of the father's child support obligation and child support arrears in accordance herewith.
The parties have one child together, who was born in November 2018 while the parties were in the process of obtaining a divorce. The father moved out of the marital residence, which was owned by him as separate property, and the mother and the child continued to live there.
In January 2020, the mother filed a petition against the father for child support. After conducting a hearing, the Support Magistrate determined that the father's assertion that he was unable to procure employment lacked credibility and imputed certain income to him based on his reported monthly expenses. In an order dated January 13, 2021, the Support Magistrate, inter alia, directed the father to pay basic child support in the sum of $211 per week.
The father filed objections to the Support Magistrate's order, asserting that he had lost his last job due to absences resulting from being required to attend Family Court proceedings, and that the mother was residing in his home without paying rent or utility bills. In an order dated February 19, 2021, the Family Court denied the father's objections. The father appeals.
"A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher [*2]than that claimed" (Saks v Saks, 199 AD3d 950, 952 [internal quotation marks omitted]). "A [s]upport [m]agistrate is afforded considerable discretion in determining whether to impute income to a parent, and we accord deference to a support magistrate's credibility determinations" (Matter of Kiernan v Martin, 108 AD3d 767, 768 [citation and internal quotation marks omitted]). Here, the Support Magistrate providently exercised her discretion in imputing income to the father based on his work experience and earning capacity, and her assessment of his credibility (see Matter of Padilla v Northington, 205 AD3d 915).
However, since the father testified without contradiction that he was responsible for paying the mortgage and utility bills for the house in which the mother and the child were residing, the Support Magistrate erred in "failing to ascertain and deduct from his child support obligation the shelter costs incurred by the [father] in providing housing for [the mother and the child]" (Damon v Damon, 34 AD3d 416, 417). As a result of the failure to award him a credit for the carrying charges he has incurred during the mother's exclusive occupancy of the marital residence, the father "is making double shelter payments" (Davidman v Davidman, 97 AD3d 627, 628; see Dougherty v Dougherty, 131 AD3d 916, 919; see also Iacono v Iacono, 145 AD3d 972, 974; Mosso v Mosso, 84 AD3d 757, 759; Krantz v Krantz, 175 AD2d 863, 864-865; Lenigan v Lenigan, 159 AD2d 108, 112). Accordingly, the father's objection to the failure to award him such a credit should have been granted, and we remit the matter to the Family Court, Suffolk County, for a recalculation of the father's child support obligation and child support arrears, with the father receiving a credit for any carrying charges incurred by him in providing housing to the mother and the child (see Dougherty v Dougherty, 131 AD3d at 919; Davidman v Davidman, 97 AD3d at 628; Damon v Damon, 34 AD3d at 417).
The father's remaining contention is not properly before this Court, as it was not raised in his objections to the Support Magistrate's order (see Matter of Pierre v Hernandez, 181 AD3d 607, 608).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court