Matter of Coughlan v Coughlan (2023 NY Slip Op 03780)

Matter of Coughlan v Coughlan

2023 NY Slip Op 03780

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-07793
 (Docket No. F-12321-19/21C)

[*1]In the Matter of Daniel J. Coughlan, appellant,
v
Mirla Coughlan, respondent.

Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge and Scott Stone of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered September 15, 2022. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated May 9, 2022, which, after a hearing, dismissed the father's petition for an upward modification of the mother's child support obligation.
ORDERED that the order entered September 15, 2022, is affirmed, without costs or disbursements.
The parties have two children together. In an order dated August 1, 2019, the Family Court directed the mother to pay $188 per week in child support and a pro rata share of unreimbursed medical costs. In January 2021, the father filed a petition for an upward modification of the mother's child support obligation. In an order dated May 9, 2022, made after a hearing, the Support Magistrate found that the record did not clearly establish the mother's current annual income from her secondary employment as a waitress, and therefore imputed additional income of $19,855 from this source, for a total annual income of $36,962.84. The Support Magistrate declined to impute income based on deposits in the mother's checking account, or gifts and loans she had received. Although the father established a substantial change in his income since the order dated August 1, 2019, was issued, the Support Magistrate determined that the adjusted gross income of the parties would not result in an upward modification of the mother's child support obligation, and accordingly dismissed the father's petition. In an order entered September 15, 2022, the court denied the father's objections to the Support Magistrate's order. The father appeals.
In determining child support obligations, "a court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Malkani v Malkani, 208 AD3d 863, 865 [alterations and internal quotation marks omitted]; see Tuchman v Tuchman, 201 AD3d 986, 990). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (Tuchman v Tuchman, 201 AD3d at 990 [internal quotation marks omitted]; see Domestic Relations Law § 240[1-b][b][5][iv], [v]; Nosratabdi v Aroni, 198 AD3d 976, 977; Matter of Scheppy v Kelly-Scheppy, 145 AD3d 903, 903; Matter of Napoli v Koller, 140 AD3d 1070, 1071). "A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and we accord great [*2]deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (Matter of Evans v Evans, 186 AD3d 1684, 1684 [internal quotation marks omitted]; see Matter of Glaudin v Glaudin, 213 AD3d 762, 763; Matter of Grace v Amabile, 181 AD3d 602, 604). Here, the amount of income imputed to the mother by the Support Magistrate is supported by the record and should not be disturbed (see Matter of Grace v Amabile, 181 AD3d at 604; Matter of Decillis v Decillis, 152 AD3d 512, 513; Matter of Gebaide v McGoldrick, 74 AD3d 966; Matter of Kennedy v Ventimiglia, 73 AD3d 1066).
The father's remaining contention is unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court