Matter of Bram v Bram (2024 NY Slip Op 03478)

Matter of Bram v Bram

2024 NY Slip Op 03478

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-07127
 (Docket No. F-1200-23)

[*1]In the Matter of David P. Bram, respondent, 
v
Cindy Bram, appellant.

Steven D. Kommor, Melville, NY, for appellant.
David P. Bram, Mount Sinai, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated July 7, 2023. The order, insofar as appealed from, upon granting the mother's objections to an order of the same court (Aletha V. Fields, S.M.) dated May 23, 2023, made after a hearing, inter alia, granting the father's petition, among other things, for an award of child support and directing the mother to pay child support in the sum of $281 per week, modified the order dated May 23, 2023, so as to direct the mother to pay child support in the sum of $175.54 per week.
ORDERED that the order dated July 7, 2023, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new calculation of the mother's child support obligation in accordance herewith; and it is further,
ORDERED that in the interim, the mother shall pay child support in the sum of $87.77 per week.
The parties were married and are the parents of two children. On June 29, 2015, the parties executed a settlement agreement resolving all matrimonial issues, including custody, child support, and equitable distribution. The settlement agreement was incorporated but not merged into a judgment of divorce dated February 23, 2017. Pursuant to the settlement agreement and the judgment of divorce, the mother was awarded sole custody of the children subject to the father's parental access, and the father was required to pay child support in the sum of $964 per month in addition to his pro rata share of add-on expenses. In a corrected order dated January 17, 2023, the Family Court modified the settlement agreement and the judgment of divorce so as award the father sole custody of the children subject to the mother's parental access. Thereafter, the father filed a petition to terminate his child support obligation and for an award of child support. After a hearing, in an order dated May 23, 2023, the Support Magistrate granted the father's petition and directed the mother to pay child support in the sum $281 per week and 45% of all childcare, heath insurance premium costs, and unreimbursed health-related expenses. The order was based on the Support Magistrate's determination to impute income to the mother in the sum of $59,004 annually.
The mother filed objections to the Support Magistrate's order. In an order dated July 7, 2023, the Family Court granted the mother's objections; determined that the mother's income for child support purposes was the sum of $36,513.96, based on the mother's gross earnings of $18,513.96 per year, as reported in her 2022 W-2 form, plus imputed income in the sum of $18,000 annually; and modified the Support Magistrate's order so as to direct the mother to pay child support in the sum of $175.54 per week. The mother appeals.
Pursuant to Family Court Act § 413(1)(b)(5)(i), a party's income for purposes of calculating child support includes, inter alia, the gross income as should have been or should be reported in their most recent federal income tax return. Pursuant to Family Court Act § 413(1)(b)(5)(iv), a court, in its discretion, may attribute or impute income to the party from such other resources as may be available, including, but not limited to, non-income producing assets, perquisites that are provided as part of compensation for employment, fringe benefits provided as part of compensation for employment, and money, goods, or services provided by relatives and friends. In determining child support obligations, "a court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Matter of Coughlan v Coughlan, 218 AD3d 569, 570 [internal quotation marks omitted]; see Tuchman v Tuchman, 201 AD3d 986, 990). Moreover, "[t]he court may impute income to a party based on the party's employment history, future earning capacity, educational background, or money received from friends and relatives" (Matter of Rohme v Burns, 79 AD3d 756, 757; see Matter of Coughlan v Coughlan, 218 AD3d at 570). "While a court is afforded considerable discretion in determining whether to impute income to a parent, a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Marino v Marino, 183 AD3d 813, 817-818 [internal quotation marks omitted]; see Matter of Shvetsova v Paderno, 84 AD3d 1095, 1096-1097).
Here, the Family Court determined that the mother's income for child support purposes was the sum of $36,513.96. That sum was based on the mother's gross earnings of $18,513.96 per year, as reported on her 2022 W-2 form, and an additional $18,000 per year based on evidence that the father of the mother's three other children, who lived with the mother and those children but no longer had a relationship with the mother, contributed $1,500 per month toward household expenses and for the support of those children. Under the circumstances presented, the court improvidently exercised its discretion in including the $18,000 annual contribution in calculating the mother's income for child support purposes (see Family Ct Act § 413[1][b][5]; Matter of Davidson v McLoughlin, 128 AD3d 960, 961; Heller v Heller, 43 AD3d 999, 1001).
Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a new calculation of the mother's child support obligation.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court