Matter of Askinazi v Askinazi (2025 NY Slip Op 04245)

Matter of Askinazi v Askinazi

2025 NY Slip Op 04245

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-10289
 (Docket Nos. F-13254-17/20E, F-13254-17/23J)

[*1]In the Matter of Lisa Askinazi, respondent,
v
Scott E. Askinazi, appellant. (Proceeding No. 1)
In the Matter of Scott E. Askinazi, appellant,
v
Lisa K. Askinazi, respondent. (Proceeding No. 2)

Scott Askinazi, Glendale, NY, appellant pro se.
Wand & Goody LLP, Commack, NY (Jennifer H. Goody of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Lisa Friederwitzer, J.), dated October 4, 2023. The order denied the father's objections to two orders of the same court (Serena Rosario, S.M.), both dated July 21, 2023, which, after a hearing, and upon findings of fact dated July 19, 2023, respectively, granted the mother's petition for an upward modification of his child support obligation and dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated October 4, 2023, is affirmed, without costs or disbursements.
The parties are the parents of two children. Pursuant to a separation agreement dated December 2, 2009, which was incorporated but not merged into a judgment of divorce dated April 5, 2012, the parties agreed, inter alia, that they would have joint legal custody of the children and that the mother would have residential custody (hereinafter the 2009 agreement). Pursuant to the 2009 agreement, the father, among other things, was obligated to pay basic child support to the mother in the amount of $674.36 per month until the children's emancipation and the youngest child's school tuition until his graduation from high school and was responsible for 30% of the children's college tuition. On September 25, 2017, the parties consented to a modification of the father's child support obligation and responsibility for add-on expenses. Effective July 3, 2017, the father's basic child support obligation was reduced to $350 per month, and his responsibility for tuition, unreimbursed medical expenses, camp, and extracurricular expenses was eliminated. The father's modified child support obligation was calculated based on reported income of $20,000.
On December 1, 2020, the mother filed a petition for an upward modification of the father's child support obligation. On January 31, 2023, the father filed a petition for a downward modification of his child support obligation and arrears. In two orders, both dated July 21, 2023, the Support Magistrate, after a hearing, and upon findings of fact dated July 19, 2013, respectively, [*2]granted the mother's petition and dismissed the father's petition. The Support Magistrate directed the father to pay basic child support in the amount of $592.37 per month, as well as 20% of the children's college tuition costs, 20% of the youngest child's high school tuition, and 20% of the children's unreimbursed medical expenses. The father filed objections to the Support Magistrate's orders. In an order dated October 4, 2023, the Family Court denied the father's objections. The father appeals. We affirm.
"Objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party" (Matter of Dodd v Dodd, 225 AD3d 758, 759; see Family Ct Act § 439[e]; Matter of Jones v Jones, 198 AD3d 779, 780). As an initial matter, contrary to the determination of the Family Court, the record shows that the father's objections were timely made. The record contains an envelope from the Family Court addressed to the father, bearing a postmark of August 11, 2023, which allegedly contained the Support Magistrate's orders that were sent to the father. Although the court determined that the Support Magistrate's orders were mailed on August 3, 2023, there is no record evidence that the orders were mailed to the father on that date. Since the father filed his objections, at the latest, on September 13, 2023, they were timely filed within the 35-day time period pursuant to Family Court Act § 439(e) (see Matter of Neu v Davidowitz, 27 AD3d 473, 474). Nonetheless, given that the court addressed the merits of the objections, remittal for that purpose is unnecessary (see Matter of Ryan v Ryan, 110 AD3d 1176, 1179-1181).
The Family Court properly denied the father's objections on the merits. "'A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation'" (Nosratabdi v Aroni, 198 AD3d 976, 978, quoting Johnson v Johnson, 172 AD3d 1654, 1656). "In determining child support obligations, 'a court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Matter of Coughlan v Coughlan, 218 AD3d 569, 570, quoting Malkani v Malkani, 208 AD3d 863, 865; see Nosratabdi v Aroni, 198 AD3d at 978). "'A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and [this Court] accord[s] great deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered'" (Matter of Coughlan v Coughlan, 218 AD3d at 571, quoting Matter of Evans v Evans, 186 AD3d 1684, 1684).
Here, the testimony and evidence submitted at the hearing established that the father possessed a valid real estate license and had worked in the real estate industry until approximately 2018, when his employer purportedly closed. Thereafter, the father chose not to seek employment with another real estate firm and remained unemployed. The job search materials submitted by the father indicated that he applied for positions for which the Support Magistrate found that he lacked qualifications and experience. The Support Magistrate thus providently exercised its discretion in imputing annual income to the father for the purpose of calculating his child support obligation (see Matter of Remsen v Remsen, 198 AD3d 658, 660; Matter of Strella v Ferro, 42 AD3d 544, 546). Contrary to the father's contention, the Support Magistrate also properly determined that the father failed to demonstrate that the children were emancipated, even though they were employed, since he failed to show that they were not dependent on the mother for food, shelter, and clothing, among other things (see Matter of Vayner v Tselniker, 212 AD3d 638, 639-640; Matter of Monti v DiBedendetto, 151 AD3d 864, 865-866).
The parties' remaining contentions are either unpreserved for appellate review or without merit.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court