Matter of Nesterenko v Reshetilov (2026 NY Slip Op 01518)

Matter of Nesterenko v Reshetilov

2026 NY Slip Op 01518

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2025-03263
 (Docket No. F-29956-18)

[*1]In the Matter of Anna Nesterenko, respondent,
vAndrey Reshetilov, appellant.

Tsiring & Feldman, P.C., Brooklyn, NY (Galina Feldman and Darina Prokopets of counsel), for appellant.
Anna Nesterenko, Blitterswijck, the Netherlands, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Gregory L. Gliedman, J.), dated February 24, 2025. The order denied the father's objections to an order of the same court (Debra Katz Doogan, S.M.) dated January 7, 2025, which, after a hearing, and upon findings of fact dated January 6, 2025, inter alia, directed him to pay basic child support in the sum of $1,781 per month.
ORDERED that the order dated February 24, 2025, is affirmed, with costs.
The father and the mother, who were never married, have one child together, born in 2018. The mother commenced this proceeding against the father, inter alia, for child support. After a hearing at which the parties testified, the Support Magistrate, in an order dated January 7, 2025, upon findings of fact dated January 6, 2025, among other things, directed the father to pay basic child support in the sum of $1,781 per month. The father filed objections to the Support Magistrate's order. In an order dated February 24, 2025, the Family Court denied the father's objections. The father appeals.
"'A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation'" (Nosratabdi v Aroni, 198 AD3d 976, 978, quoting Johnson v Johnson, 172 AD3d 1654, 1656; see Matter of Askinazi v Askinazi, 240 AD3d 775, 777). Thus, "[i]n determining child support obligations, 'a court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Matter of Coughlan v Coughlan, 218 AD3d 569, 570, quoting Malkani v Malkani, 208 AD3d 863, 865; see Matter of Perlman v Kolodny, 236 AD3d 1038, 1041). "This is particularly true when, as here, the record supports a finding that the appellant's reported income on his tax return is suspect" (Matter of Westenberger v Westenberger, 23 AD3d 571, 571; see Matter of Morales v Foley, 242 AD3d 888, 889). "'A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and [this Court] accord[s] great deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered'" (Matter of Coughlan v Coughlan, 218 AD3d at 571, quoting Matter of Evans v Evans, 186 AD3d 1684, 1684; see Matter of Askinazi v Askinazi, 240 AD3d at 777).
Here, the Support Magistrate did not improvidently exercise her discretion in imputing certain income to the father based on his average annual income and ability to earn (see Matter of Patscot v Fisco, 166 AD3d 981, 982; Gafycz v Gafycz, 148 AD3d 679, 679-680). Furthermore, the father offered no evidence to support his contentions that he was unable to work as a result of his health issues and his responsibility to care for his other children (see Matter of Remsen v Remsen, 198 AD3d 658, 660). As the Support Magistrate's findings were supported by the record, they should not be disturbed.
Contrary to the father's contention, the Support Magistrate did not improvidently exercise her discretion in denying his request for a deviation from the Child Support Standards Act pursuant to Family Court Act § 413(1)(f)(10) (see Matter of Giraldo v Fernandez, 199 AD3d 796, 800).
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
IANNACCI, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court