Matter of Xin Wang v Zhiyong Duan

2026 NY Slip Op 02989

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Xin Wang, respondent,

v

Zhiyong Duan, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-02738, 2024-02741, (Docket No. F-10209-21)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Janice A. Taylor

Laurence L. Love, JJ.

Zhiyong Duan, Livingston, New Jersey, appellant pro se.

Xin Wang, Elmhurst, NY, respondent pro se.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Rose M. Garcia, S.M.), dated February 7, 2024, and (2) an order of the same court (Connie Gonzalez, J.) dated March 13, 2024. The order dated February 7, 2024, insofar as appealed from, after a hearing, and upon findings of fact dated February 2, 2024, directed the father to pay basic child support in the amount of $362 per week. The order dated March 13, 2024, denied the father's objections to the order dated February 7, 2024.

ORDERED that the appeal from the order dated February 7, 2024, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by the order dated March 13, 2024; and it is further,

ORDERED that the order dated March 13, 2024, is affirmed, without costs or disbursements.

The father and the mother, who were never married, have one child together. In 2021, the mother commenced this proceeding against the father for child support. After a hearing and upon findings of fact dated February 2, 2024, in an order dated February 7, 2024, the Support Magistrate, inter alia, directed the father to pay basic child support in the amount of $362 per week. The father filed objections to the Support Magistrate's order. In an order dated March 13, 2024, the Family Court denied the father's objections. The father appeals.

In determining a party's child support obligation, "[a] court need not rely upon a party's own account of his or her finances, but may impute income based upon that party's past income or demonstrated future potential earnings, their employment history, their future earning capacity, or other relevant factors" (Matter of Stanley v Lomax, 246 AD3d 932, 932-933; see Matter of Morales v Foley, 242 AD3d 888). "A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and [this Court] accord[s] great deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered"(Matter of Coughlan v Coughlan, 218 AD3d 569, 571 [internal quotation marks omitted]; see Matter of Vittorio v Vittorio, 236 AD3d 805, 806).

Here, contrary to the father's contentions, the Support Magistrate did not improvidently exercise her discretion in imputing income to the father based on his work experience and earning capacity and her assessment of the father's credibility. Additionally, the amount of income imputed to the father is supported by the record and, therefore, should not be disturbed (see Matter of Vittorio v Vittorio, 236 AD3d at 806; Matter of DiSapio v DiSapio, 225 AD3d 859, 860).

The father's remaining contentions are either without merit or unpreserved for appellate review, as he failed to raise them in his objections before the Family Court (see Matter of Raspberry v Fernandez, 238 AD3d 879).

Accordingly, the Family Court properly denied the father's objections.

DUFFY, J.P., DOWLING, TAYLOR and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court