Matter of Floyd v Duncan
2026 NY Slip Op 03962
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Monet Floyd, respondent,
v
St. Aubyn Duncan, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-09313, (Docket No. F-2155-24)
Lara J. Genovesi, J.P.
Barry E. Warhit
Donna-Marie E. Golia
Phillip Hom, JJ.

St.Aubyn Angus Jamel Duncan, named herein as St. Aubyn Duncan, Brooklyn, NY, appellant pro se.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated July 2, 2025. The order denied the father's objections to an order of the same court (Cynthia Leveille, S.M.) dated May 27, 2025, which, after a hearing, and upon findings of fact also dated May 27, 2025, inter alia, directed him to pay child support in the sum of $111.48 per week, childcare expenses in the sum of $59.77 per week, and retroactive child support and childcare expenses in the sum of $10,403.07.
ORDERED that the notice of appeal from the order dated May 27, 2025, is deemed to be a premature notice of appeal from the order dated July 2, 2025 (see CPLR 5520[c]; Matter of Rasberry v Fernandez, 238 AD3d 879); and it is further,
ORDERED that the order dated July 2, 2025, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in 2020. In January 2024, the mother filed a petition, inter alia, seeking to establish paternity of the child. The Support Magistrate converted that petition to a support petition, as the father's paternity had already been established.
In an order dated May 27, 2025, after a hearing, the Support Magistrate imputed a full-time minimum-wage income to the father and directed him to pay child support in the amount of $111.48 per week, childcare expenses in the amount of $59.77 per week, and retroactive support in the sum of $10,403.07, comprised of $8,106.19 in basic child support and $2,296.88 in childcare expenses. The father filed objections to the Support Magistrate's order contending, among other things, that the Support Magistrate erred in imputing income to him. In an order dated July 2, 2025, the Family Court denied the father's objections. The father appeals.
"'A parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation'" (Nosratabdi v Aroni, 198 AD3d 976, 978, quoting Johnson v Johnson, 172 AD3d 1654, 1656; see Matter of Nesterenko v Reshetilov, 247 AD3d 1041, 1041). "In determining child support obligations, 'a court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Matter of Coughlan v Coughlan, 218 AD3d 569, 570, quoting Malkani v Malkani, 208 AD3d 864, 865; see Nosratabdi v Aroni, 198 AD3d at 978). "'The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives'" (Matter of Coughlan v [*2]Coughlan, 218 AD3d at 570, quoting Tuchman v Tuchman, 201 AD3d 986, 990). "'A support magistrate is afforded considerable discretion in determining whether to impute income to a parent, and [the Court] accord[s] great deference to credibility determinations of the support magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered'" (id. at 571, quoting Matter of Evans v Evans, 186 AD3d 1684, 1684; see Matter of Glaudin v Glaudin, 213 AD3d 762, 763).
Here, the Support Magistrate did not improvidently exercise her discretion by imputing a full-time minimum-wage income to the father. While the father's testimony and the medical records that he submitted established that injuries prevented him from working at his former job as a tile finisher, he failed to establish that he was unable to perform other work (see Matter of Cutaia v Cutaia, 241 AD3d 546, 547; Matter of Straker v Maynard-Straker, 133 AD3d 865, 866).
The Support Magistrate also properly directed the father to pay his pro rata share of the child's daycare and pre-K expenses as a childcare add-on. Family Court Act § 413(1)(c)(4) provides that, "[w]here the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (see Matter of Chung v Adetayo, 221 AD3d 999, 1002; Matter of Capone v Westbrook, 214 AD3d 975, 976-977). Here, the mother testified that she worked full time and that the child attended daycare from 8:00 a.m. to 5:00 p.m., for which the mother paid $700 per month. Contrary to the father's contention, the Support Magistrate properly determined that he failed to offer any alternative to the childcare arrangements utilized by the mother, as the record reflects that he did not pursue public or charter school enrollment for the child despite the mother's request that he do so and did not offer to exercise parenting time during the mother's work hours despite his lack of employment.
The father's remaining contentions are without merit.
GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court